| | |
|---|---|
| DISTRICT COURT, COUNTY OF DENVER, COLORADO<br>1437 Bannock Street<br>Denver, CO 80202<br>(720) 865-7800<br>_____<br><br>RICHARD SIMMONS,<br><br>      Plaintiff,<br><br>v.<br><br>DRURY HOTELS COMPANY, LLC, a Missouri limited liability company,<br><br>      Defendant.<br>_____<br>Attorney for Plaintiff:<br>Cheri MacArthur, #41013<br>Cozen O'Connor<br>707 17th Street, Suite 3100<br>Denver, Colorado 80202<br>Telephone:(720) 479-3900<br>E-mail: cmacarthur@cozen.com<br><br>Daniel P. Mallove, WSBA #13158<br>Law Office of Daniel P. Mallove, PLLC<br>2003 Western Avenue, Suite 400<br>Seattle, WA 98121<br>Telephone: (206) 239-9933<br>E-mail: dmallove@dpmlaw.com<br>Motion for Admission Pro Hac Vice to be Filed | DATE FILED: February 4, 2022 4:51 PM<br>FILING ID: B3800E09F4FF9<br>CASE NUMBER: 2022CV30331<br><br><br><br>▲ COURT USE ONLY ▲<br>_____<br><br>Case Number:<br><br>Division: |
| **COMPLAINT** ||

Plaintiff Richard Simmons, by and through his undersigned attorneys, Cozen O'Connor and the Law Office of Daniel P. Mallove, PLLC, hereby complains and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. At all times material hereto, plaintiff Richard Simmons was a resident of Chilliwack, British Columbia, Canada, and was in Denver, Colorado to attend a business meeting sponsored by his employer.

2. Upon information and belief and at all times material hereto, defendant Drury Hotels Company, LLC (hereinafter"Drury") was a Missouri limited liability company and was the owner and operator of a hotel open to general public known as the Drury Inn and Suites Denver Stapleton located at 4550 N Central Park Blvd Denver, Co, 80238 (hereinafter "the Subject Property").

3. This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124(1)(a) and (b).

4. Venue in this judicial district is proper pursuant to Colo. R. Civ. P. 98(c) because the acts and omissions that gave rise to this civil action occurred in Denver County, Colorado.

## GENERAL ALLEGATIONS

5. On or about February 13, 2020, at approximately 7:00 am, plaintiff Richard Simmons, who was a business invitee of defendant Drury and a registered hotel guest at the Subject Property, was injured when he slipped and fell on snow and/or black ice while walking to a bus that was located in the parking area at the Subject Property (the "Incident").

6. Immediately before the Incident, Plaintiff had exited the hotel with several of his co-workers and was walking towards the spot where the bus was located. Plaintiff was walking slowly and carefully because it was winter and winter conditions existed at that time. When Plaintiff reached the area where the bus was waiting, he slipped and fell and sustained serious injuries.

7. At the time of the Incident, Plaintiff Richard Simmons was wearing appropriate footwear for winter conditions.

8. The Incident occurred at approximately 7:00 a.m. and it was light outside.

9. At the date and time mentioned, a dangerous condition existed on the Subject Property, namely there was untreated snow and/or black ice in the parking area.

10. Plaintiff Richard Simmons was not comparatively negligent in causing the Incident.

11. As a result of the Incident, Plaintiff Richard Simmons suffered harm, losses, injuries and economic and non-economic damages.

## FIRST CLAIM FOR RELIEF
(Colorado Premises Liability Act)

12. Plaintiff Richard Simmons incorporates by reference each foregoing paragraph of this Complaint as if fully set forth herein.

13. Defendant Drury is a landowner within the meaning of C.R.S. § 13-21-115(1).

14. Plaintiff Richard Simmons was an invitee within the meaning of C.R.S. § 13-21-115(5)(a).

15. Plaintiff Richard Simmons exited the hotel and carefully walked from the hotel to the bus waiting in the parking area.

16. Untreated snow and/or black ice had been allowed by Defendant Drury to accumulate in the parking area.

17. There was no sand, ice melt, salt or other product used on the snow and/or black ice in the area where Plaintiff fell.

18. C.R.S. § 13-21-115 imposes on Defendant Drury a statutory duty of care to an invitee for damages for failure to exercise reasonable care to protect against dangers of which Defendant Drury actually knew, or should have known.

19. Defendant Drury had a duty to warn Paintiff Richard Simmons of the dangerous condition of accumulated snow and/or black ice on the Subject Property.

20. Defenant Drury failed to use reasonable care to protect against dangerous conditions on the Subject Property of which they actually knew or should have known.

21. Defendant Drury's failure to use reasonable care was the cause of Plaintiff Richard Simmons' injuries, damages and losses.

22. As a direct and proximate result of Defendant Drury's breach of the aforementioned duties, Plaintiff Richard Simmons has incurred economic and non-economic injuries, damages and/or losses.

## SECOND CLAIM FOR RELIEF
(Negligence)

23. Plaintiff Richard Simmons incorporates by reference each foregoing paragraph of this Complaint as if fully set forth herein.

24. Defendant Drury owed Plaintiff Richard Simmons a duty to use reasonable care in removing snow and/or ice from the Subject Property.

25. Defendant Drury breached the aforementioned duty by, including but not limited to, failing to remove snow and/or ice from the ground, by failing to use appropriate products to make the snow and/or ice conditions reasonably safe for invitees such as Plaintiff Richard Simmons, and failing to warn Plaintiff Richard Simmons of a dangerous condition on the Subject Property.

26. It was foreseeable to Defendant Drury that its invitees such as Plaintiff Richard Simmons would slip and fall on the snow and/or ice covered parking area and sustain injuries.

27. Defendant Drury's breaches of duty caused Plaintiff Richard Simmons' injuries, damages and losses.

28. As a direct and proximate result of Defendant Drury's breach of the aforementioned duties, Plaintiff Richard Simmons has incurred economic and non-economic injuries, damages and/or losses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Richard Simmons prays for judgment against Defendant Drury Hotels Company, LLC as follows:

1. For damages in an amount to be proven at trial;

2. For interest, costs and attorney's fees allowable by law; and

3. For such other and further relief as the Court deems just and proper.

## PLAINTIFF DEMANDS A TRIAL BY JURY

Dated this 4th day of February, 2022.

COZEN O'CONNOR

*/s/ Cheri MacArthur*
Cheri MacArthur, #41013
707 17th Street, Suite 3100
Denver, Colorado 80202
Telephone: (720) 479-3900
E-mail: cmacarthur@cozen.com

*Attorneys for Plaintiff Richard Simmons*

Plaintiff's Address:  6485 Fern St, Chilliwack
British Columbia, V2R 1T6